Ramon K. Quichocho, Esq.
CNMI Bar No. F0243
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, V.S. Sablan Building, Chalan Piao
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com

*Attorney for Plaintiff Liya Liu*

FILED
Clerk
District Court

SEP 27 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## OF THE
## NORTHERN MARIANA ISLANDS

LIYA LIU,

        Plaintiff,

        vs.

XU LAN CORPORATION, GUI LAN XU,
AND DOES 1-3,

        Defendants.

CASE NUMBER: 07 - 0032

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Liya Liu alleges as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's Fair Labor Standards Act, as amended, ("FLSA") claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce), and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court of the Northern Mariana Islands.

## II.
## PARTIES

4.  Plaintiff Liya Liu is a Chinese citizen and is residing in Saipan, Commonwealth of the Northern Mariana Islands.

5.  Plaintiff was engaged in, or employed in an enterprise engaged in, commerce within the meaning of 29 U.S.C. §§ 203 and 207.

6.  Defendant Xu Lan Corporation is a domestic corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, with its principal place of business located in Saipan, Commonwealth of the Northern Mariana Islands.

7.  Defendant Xu Lan Corporation is the employer of Plaintiff within the meaning of the FLSA, the Commonwealth Minimum Wage and Hour Act, as amended, ("MWHA"), and the Non-Resident Workers Act.

8.  Defendant Gui Lan Xu, on information and belief, is a Chinese citizen, and residing in Saipan, Commonwealth of the Northern Mariana Islands.  Defendant Gui Lan Xu is the president of Defendant Xu Lan Corporation, and was involved in the design, implementation, approval, and furtherance of the transactions complained of herein or received benefits from those transactions.  Defendant Xu Gui Lan aided or abetted, or participated with the other defendants and others in the wrongful acts and course of conduct, or otherwise caused the damages sought herein and are responsible for the acts, occurrences and events alleged in this Complaint.

9.  Except as described herein, the true names and/or involvement of the defendants sued as Does 1 through 3, inclusive, are unascertained to Plaintiff which therefore sues these defendants by such fictitious names.  Plaintiff will further amend this Complaint to allege their true names and capacities when ascertained.  Some of these fictitiously named defendants are

shareholders, directors, officers, agents and/or employees of Defendant Xu Lan Corporation, and were involved in the design, implementation, approval, and furtherance of the transactions complained of herein or received benefits from those transactions. These defendants aided or abetted, or participated with the other defendants and others in the wrongful acts and course of conduct, or otherwise caused the damages sought herein and are responsible for the acts, occurrences and events alleged in this Complaint.

10. The named and Doe defendants in this action are collectively referred to herein as "Defendants."

### III.
### OPERATIVE FACTS

11. In November 2004, Defendant Gui Lan Xu, through her sisters, Gui Rong Xu and Gui Ming Xu, collected $3,000.00[1] from Plaintiff as recruitment and job vacancy announcement fees upon the assurance that Plaintiff can make over $1,000.00 per month working for Defendant Xu Lan Corporation.

12. On January 13, 2005, the Director of Labor for the Commonwealth of the Northern Mariana Islands approved the Employment Contract between Xu Lan Corporation dba Penguin II and Liya Liu (the "Employment Contract").

13. On February 17, 2005, Plaintiff arrived on Saipan, and Plaintiff began working for Defendant Xu Lan Corporation the same day.

14. On February 18, 2005, Plaintiff personally paid the $2,000.00 balance to Defendant Gui Lan Xu for the recruitment and job vacancy announcement fees.

---

[1] The total recruitment fee is $5,000.00. Plaintiff paid $3,000.00 to another of Defendant Gui Lan Xu's sister, Gui Ming Xu, who, on information and belief, sent the money to Defendant Xu Lan Corporation and/or Defendant Gui Lan Xu's account in Saipan.

15. In addition, Defendant Xu Lan Corporation deducted $200.00 each month from March 2005, to June 2005, for a total of $800.00, which was supposedly a "deposit for any kind of risk during Plaintiff's employment" with the promise that it will be returned to Plaintiff upon completion of contract if there is no problem.

16. Plaintiff, and others, were not allowed to go out, even during non-working hours, without the supervision of Defendant Gui Lan Xu (also known as "mama-san") or Yong Yang (also known as "papa-san").

17. Furthermore, Defendant Gui Lan Xu forbade Plaintiff, and others, to communicate with "outsiders," and Plaintiff, and others, were not allowed to use cell phones or computers, and were kept indoors for most of the time.

18. Furthermore, Defendant Gui Lan Xu kept all of Plaintiff's identification cards, such as entry permit and social security card, and refused to return them.

19. In December 2005, Plaintiff informed Defendant Gui Lan Xu not to renew Plaintiff's Employment Contract, and Plaintiff request Defendant Gui Lan Xu to return Plaintiff's identification cards.

20. Defendant Gui Lan Xu told Plaintiff that Plaintiff was not allowed to leave and that Defendant Gui Lan Xu had already renewed Plaintiff's Employment Contract.

21. Needless to say, Plaintiff was surprised about the renewal of Plaintiff's Employment Contract without Plaintiff's consent, so when Plaintiff questioned Defendant Gui Lan Xu, Defendant Gui Lan Xu got very angry at Plaintiff and told Plaintiff that it is not Plaintiff's business to be asking.

22. Furthermore, Defendant Gui Lan Xu told Plaintiff that there were only two options for Plaintiff: (a) either continue to work for her as a prostitute, or (b) return to China.

23. Plaintiff told Defendant Gui Lan Xu that Plaintiff would like to get a transfer within 45 days and if Plaintiff is unable to find a new employer, then Plaintiff will go back to China.

24. Defendant Gui Lan Xu then told Plaintiff to pay her another $5,000.00 if Plaintiff wants to transfer to another employer.

25. Consequently, Plaintiff refused to work for Defendants and also refused to pay another $5,000.00 in order to transfer to another employer.

26. When Plaintiff demanded to be paid her wages, Defendant Gui Lan Xu threatened Plaintiff that Defendant Gui Lan Xu would pay all the money owed to Plaintiff if Plaintiff continues to work for Defendant Gui Lan Xu, or else Plaintiff would have to get ready to be repatriated.

27. Defendant Xu Lan Corporation charged Plaintiff a total of $210.00 per month for housing.

28. Defendant Xu Lan Corporation's violations of the FLSA and the MWHA are willful. Defendant Xu Lan Corporation has failed to rectify the violations.  On information and belief, Defendant Xu Lan Corporation continues to violate the rights of certain other employees by refusing to pay the other employees the required overtime and regular rates to be paid.

## IV.
## **FIRST CAUSE OF ACTION**
### **(FLSA Violation – Unpaid Overtime Compensation)**

29. Plaintiff hereby re-alleges and incorporates by this reference, as if fully set forth under this cause of action, all the allegations contained herein.

30. This first cause of action for violation of the FLSA is pled against Defendant Xu Lan Corporation only.

31. Defendant Xu Lan Corporation has violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation in the amount of one and one-half times her regular rate of pay for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

32. Plaintiff is entitled to payment of unpaid overtime compensation from Defendant Xu Lan Corporation, calculated based on the regular rate of $3.05 per hour, and an additional equal amount as liquidated damages.

33. Plaintiff is also entitled to costs of the action and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

34. Wherefore, Plaintiff prays for the relief as set forth herein.

## V.
## SECOND CAUSE OF ACTION
**(Violation of the MWHA (4 CMC § 9211, *et seq.*)—Unpaid Overtime Compensation)**

35. Plaintiff hereby re-alleges and incorporates by this reference, as if fully set forth under this cause of action, all the allegations contained in herein.

36. This second cause of action for violation of the MWHA is pled against Defendant Xu Lan Corporation only.

37. Defendant Xu Lan Corporation has violated § 9222 of the MWHA by failing to pay Plaintiff overtime compensation in the amount of one and one-half times her regular rate of pay for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

38. Plaintiff is entitled to payment of unpaid overtime compensation from Defendant Xu Lan Corporation, calculated based on the regular rate of $3.05 per hour, and an additional equal amount as liquidated damages pursuant to law.

39. Plaintiff is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244 of the MWHA.

40. Wherefore, Plaintiff prays for the relief as set forth herein.

# VI.
## THIRD CAUSE OF ACTION
### (Breach of Written Contract)

41. Plaintiff hereby re-alleges and incorporates by this reference, as if fully set forth under this cause of action, all the allegations contained herein.

42. This third cause of action for breach of contract is pled against Defendant Xu Lan Corporation only.

43. The Employment Contract was a valid contract supported by bargained for consideration.

44. Plaintiff has performed all the conditions and agreements required of Plaintiff under the terms of the Employment Contract, or else was excused from performing her contractual obligations.

45. Defendant Xu Lan Corporation, including its agents, representatives, shareholders, principals, and employees, had a duty to act with reasonable care and diligence in performing the Employment Contract, and other acts as set forth herein, so as not to injure a person or property by its performance.

46. Defendant Xu Lan Corporation breached the Employment Contract with Plaintiff, to the detriment of Plaintiff, in the following respects:

    a.   Defendant Xu Lan Corporation required Plaintiff to perform the duties and responsibilities of a hostess even though Plaintiff is a waitress, in violation of Section A of the Employment Contract;

    b.   Defendant Xu Lan Corporation improperly terminated the employment of Plaintiff, in violation of Section B of the Employment Contract;

c.  Defendant Xu Lan Corporation charged $210.00 per month for housing rather than the $50.00 that was agreed to, in violation of Section J of the Employment Contract.

d.  Defendant Xu Lan Corporation ignored and refused to resolve Plaintiff's grievances, in violation of Section M of the Employment Contract.

47. Notwithstanding demand and/or notice to cure the violations, Defendant Xu Lan Corporation has failed, neglected, and refused, and still fails, neglects, and refuses to cure the violations and default.

48. As a direct and proximate result of Defendant Xu Lan Corporation's conduct detailed above and in other respects, Plaintiff has suffered damages, including, but not limited to, mental anguish, loss of income, liquidated damages, costs, and reasonable attorney's fees, in an amount to be proven at trial.

49. Wherefore, Plaintiff prays for the relief as set forth herein.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Liya Liu prays for judgment against all Defendants, jointly and severally, as follows:

a.  For unpaid overtime at the applicable minimum wage rate for all hours worked by Plaintiff for Defendant Xu Lan Corporation and/or Defendant Gui Lan Xu, according to proof;

b.  For contract damages for Defendant Xu Lan Corporation's breach of the Employment Contract;

c.  For an additional equal amount as liquidated damages pursuant to law;

d.  Punitive damages, in an amount appropriate to punish Defendants and set an example to others, to be proven at trial;

e.  Pre-judgment interest on amounts owed;

f.  Post-judgment interest;

g.  For reasonable attorneys fees and costs; and

h.  For such other and further relief to which Plaintiff is entitled under law or equity as the Court deems just and proper.

## VIII.
## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable of right by jury.

Respectfully submitted this 25th day of September, 2007.

LAW OFFICES OF RAMON K. QUICHOCHO, LLC

Ramon K. Quichocho, Esq.
CNMI Bar No. F0243
Attorney for Plaintiff Liya Liu

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing Complaint and that it is true and correct to the best of my recollection and knowledge and that this declaration is executed, after it was translated to me, on this 25th day of September, 2007, in Saipan, Commonwealth of the Northern Mariana Islands.

LIYA LIU
Plaintiff